**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID WISHNICK,** | ) |
| | ) |
| **NUTRABERRY, INC.,** | ) |
| 1440 S. Jackson St Ste 7-408 | ) |
| Seattle, Washington 98114 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF COMMERCE,** | ) |
| Office of General Counsel | ) |
| 1401 Constitution Ave NW | ) |
| Washington, DC 20230 | ) |
| | ) |
| **NATIONAL INSTITUTE OF** | ) |
| **STANDARDS AND TECHNOLOGY,** | ) |
| Headquarters | ) |
| 100 Bureau Drive | ) |
| Gaithersburg, MD 20899 | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

1. Plaintiffs DAVID WISHNICK and NUTRABERRY, INC. bring this suit to force Defendants U.S. DEPARTMENT OF COMMERCE and NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY to conduct a reasonable search, issue a determination, and produce records regarding a complaint submitted by WISHNICK to COMMERCE's Office of the Inspector General concerning denied access to NIST Manufacturing Extension Partnership-related support, including cybersecurity assistance, before a later cybersecurity/payment-fraud incident diverted subcontracted USDA Small Business Technology Transfer Research funds intended for Washington State University and King's College London..

**PARTIES**

2.      Plaintiff DAVID WISHNICK is the founder of Nutraberry, Inc., and is one of the FOIA requesters in this case.

3.      Plaintiff NUTRABERRY, INC. is a producer and supplier of premium quality berry seed powder and oil to the health food and supplement industry.  NUTRABERRY, INC. is one of the FOIA requesters in this case.

4.      Defendant U.S. DEPARTMENT OF COMMERCE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  COMMERCE is the parent agency of NIST.

### JURISDICTION AND VENUE

6.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

7.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

### JANUARY 10, 2024 FOIA REQUEST TO COMMERCE

8.      On January 10, 2024, Plaintiffs submitted a FOIA request seeking "the final report for complaint number 23-0564."

9.      On January 17, 2024, COMMERCE assigned reference number DOC-OIG-2024-000049 to the matter and referred the request to NIST "for processing and direct response to [Plaintiff]."

10.     A true and correct copy of the correspondence, quoting the FOIA request, is attached as Exhibit 1.

11.     On July 25, 2025, NIST assigned reference number DOC-NIST-2025-000074 to the matter and issued a supplemental response, in combination with a separate request, stating that

it "conducted an additional search for responsive documents" and withheld one four-page record under Exemption (7)(E), which applies to records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

12. A true and correct copy of the response letter is attached as Exhibit 2.

13. On July 27, 2025, Plaintiffs administratively appealed the denial of the FOIA request.

14. A true and correct copy of the correspondence is attached as Exhibit 3.

15. Defendants did not send any further correspondence to Plaintiffs regarding this request.

16. Defendants have not issued a determination on Plaintiffs FOIA request.

17. Defendants have failed to make any responsive records promptly available to Plaintiffs.

### COUNT I – COMMERCE'S FOIA VIOLATION
### JANUARY 10, 2024 FOIA REQUEST TO COMMERCE

18. Paragraphs 1-17 are incorporated by reference.

19. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

20. Defendant COMMERCE is a federal agency subject to FOIA.

21. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

22. Defendant COMMERCE has failed to conduct a reasonable search for records responsive to the request.

23. Defendant COMMERCE has failed to issue a determination within the statutory deadline.

24. Defendant COMMERCE has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: June 15, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
DAVID WISHNICK
NUTRABERRY, INC.

Matt Topic, D.C. Bar No. IL0037
Merrick Jason Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com